UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ERNEST CORNELIUS WILLIAMS, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-2440 CAS |
| | ) | |
| DON ROPER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for exemption from paying the full statutory filing fee in this action. Also before the Court is plaintiff's motion for "continuance to respond to the 7-1-14 Memorandum and Order."

Plaintiff, an inmate at Potosi Correctional Center, filed the instant action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. In the Court's July 1, 2014 Memorandum and Order, the Court reviewed plaintiff's complaint for frivolousness, maliciousness, and for failure to state a claim pursuant to 28 U.S.C. § 1915, assessed an initial partial filing fee of $2.62 in this action, and dismissed various claims and defendants. The Court then issued process on the remaining claims and defendants in plaintiff's complaint.

As no response to the Court's Memorandum and Order and/or Order of Partial Dismissal entered on July 1, 2014 is required, plaintiff's request for extension of time to respond to the Court's orders will be denied. For the following reasons, plaintiff's request for exemption from the statutory filing fee will also be denied.

Under 28 U.S.C. § 1915(b)(1), a prisoner who brings a civil action in this Court must pay the full amount of the filing fee. See 28 U.S.C. § 1915(b)(1) ("if a prisoner brings a civil action or

files an appeal in forma pauperis, the prisoner *shall* be required to pay the full amount of the filing fee") (emphasis added). Thus, payment of the full amount of the filing fee is mandatory in this case.

Furthermore, money will be removed from the account only if the amount in the account exceeds $10.00. See 28 U.S.C. § 1915(b)(2). Although plaintiff states generally that he believes that the money he will be left with in his account each month will not suffice to provide him "paper, pens, stamps, envelopes, and other necessary supplies. . ." his generalized assertions are not enough to exempt him from the statutory filing fee.

In Lefkowitz v. Citi-Equity Group, Inc., 146 F.3d 609, 612 (8th Cir. 1998), the Eighth Circuit found that the fee provisions of § 1915(b) "do not deny prisoners constitutionally guaranteed access to courts" and concluded that Congress had a rational basis for treating prisoners differently from non-prisoners by requiring them to pay the filing fees (albeit in installments), i.e., that Congress has a legitimate interest in curbing meritless prisoner litigation, and that making indigent prisoners partially responsible for the costs of their litigation would decrease the amount of such meritless litigation. Id.

Plaintiff has failed to provide documentation showing that he will undergo any true hardships as a result of paying the remainder of the filing fee. As such, his motion for exemption from the full filing fee will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for "continuance to respond to the 7-1-14 Memorandum and Order" is **DENIED**. [Doc. 9]

**IT IS FURTHER ORDERED** that plaintiff's motion for exemption from the full filing fee is **DENIED**. [Doc. 10]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 7th day of August, 2014.