ERNEST CORNELIUS WILLIAMS,     )
                                          )
          Plaintiff,              )
                                          )
     v.                           )          No. 4:13-CV-2440 CAS
                                            )
DON ROPER, et al.,               )
                                          )
          Defendants.       )

## MEMORANDUM AND ORDER

This matter is before the Court on a motion for contempt of court and for a temporary restraining order, filed by pro se plaintiff Ernest Cornelius Williams. Plaintiff moves the Court to issue orderings holding defendants in contempt for willfully violating the provisions set forth in the Court's Memorandum and Order dated August 7, 2014. Defendants filed a response to the motion, which is ripe for review. Also pending before the Court is defendants' motion for sanctions, or in the alternative, to dismiss for failure to prosecute. This motion is fully briefed and ripe for review.

### *Plaintiff's Motion for Contempt*

Plaintiff, an inmate at Potosi Correctional Center, filed the instant action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. In an Memorandum and Order dated July 1, 2014, the Court reviewed plaintiff's complaint for frivolousness, maliciousness, and for failure to state a claim pursuant to 28 U.S.C. § 1915, assessed an initial partial filing fee of $2.62 in this action, and dismissed various claims and defendants. The Court then issued process on the remaining claims and defendants in plaintiff's complaint. Plaintiff filed a motion asking for an exemption from paying the full statutory filing fee in this action. He also filed for a "continuance

to respond to the 7-1-14 Memorandum and Order." As no response to the Court's Memorandum and Order entered on July 1, 2014 was required, plaintiff's request for extension of time to respond to the Court's orders was denied. And in an Memorandum and Order dated August 7, 2014, the Court also denied plaintiff's request for exemption from the statutory filing fee. More specifically, the Court wrote:

> Under 28 U.S.C. § 1915(b)(1), a prisoner who brings a civil action in this Court must pay the full amount of the filing fee. See 28 U.S.C. § 1915(b)(1) ("if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee") (emphasis added). Thus, payment of the full amount of the filing fee is mandatory in this case.
>
> Furthermore, money will be removed from the account only if the amount in the account exceeds $10.00. See 28 U.S.C. § 1915(b)(2). Although plaintiff states generally that he believes that the money he will be left with in his account each month will not suffice to provide him "paper, pens, stamps, envelopes, and other necessary supplies. . ." his generalized assertions are not enough to exempt him from the statutory filing fee.

Doc. 11 at 1-2.

Plaintiff states in his motion that on December 18, 2014, the total amount in his prison account was $9.80, and yet, "PCC prison officials and/or Lita Hood, Inmate Finance, MO DOC, P.O. Box 1609, Jefferson City, Mo. 65102, wilfully and maliciously withdrew $5.88 out of said $9.80 under the pretext that the were complying with said order in collecting 'federal court' filing fees." Doc. 31 at 1-2 (emphasis in original). Plaintiff provided the Court with a certified copy of his prison account statement showing the withdrawal. Plaintiff alleges that he brought the error to the attention of his caseworker, who did nothing to correct the error. He maintains that "the defendants and their agents flagrantly disregard[ed] this Court's authority and plaintiff's due process rights by their deliberate violation of this Court's order and their malicious, unlawful taking of plaintiff's money." Id. He argues that he has been subjected to irreparable harm and oppression,

including the denial of basic hygiene supplies and his First Amendment right to access the courts. Plaintiff asks that the Court hold defendants in contempt for refusing to obey the August 7, 2014 order and to order that they repay plaintiff $5.88 and give him a "special" spend day. The also aks for an unspecified amount of punitive damages.

Defendants Christy Pashia, Jeremy J. Huffman, Willie Forbes, Jason L. Horn, Daniel Blair, Kevin Culton, Shannon R. Clubbs, Clifton Copeland, Charles T. Conrad, and Phillip G. Comer responded to plaintiff's motion. Defendants argue in their response that they did not remove any funds from plaintiff's account. They point out that Inmate Finance is in charge of plaintiff's account, which is part of the central office of the Missouri Department of Corrections in Jefferson City, Missouri. Defendants note that they are correctional officers at Potosi Correctional Center and have no involvement with the withdrawal of funds. Defendants also argue that plaintiff is not entitled to injunctive relief because he does meet the four-factor test under Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109, 114 (8th Cir. 1980) (the threat of irreparable harm to the plaintiff; the state of balance between this harm and the injury that granting the injunction will inflict on other parties; the probability that plaintiff will succeed on the merits; and the public interest.).

The Court agrees that the named defendants should not be held in contempt of Court because they had no involvement in the withdrawal of funds. The Court also finds plaintiff is not entitled to injunctive relief. He has not shown to the Court's satisfaction the threat of irreparable harm. That said, the Missouri Department of Corrections did not follow the directive of this Court and 28 U.S.C. 1915(b)(2) when it withdrew funds from plaintiff's prison account for filing fees while the balance was below $10.00. The Court will direct the Clerk of Court to send a letter to the Missouri Department of Corrections reminding it that funds for federal filing fees should be withdrawn and forwarded to the District Court only when the balance in plaintiff's prisoner account exceeds $10.00.

*Defendants' Motion for Sanctions*

Defendants move for sanctions against plaintiff on the ground that he refused to sit for deposition.  On April 24, 2015, defendants' counsel provided notice to plaintiff that she would take his deposition on May 12, 2015 at 10:00 a.m. at South Central Correctional Center.  On May 11, 2015, plaintiff filed with the Court a written document entitled "Plaintiff's Objections to Defendant's Motion to Amend 'CMO', and, Plaintiff's Request for Appointment of Counsel," which the Court construed as a motion for appointment of counsel.  In his motion, plaintiff did not state that he required counsel in order to sit for deposition.  Moreover, plaintiff did not file any objection to the taking of his deposition. On May 12, 2015, defendants' counsel hired a court reporter and traveled from St. Louis to the South Central Correctional Center in Licking, Missouri at the designated location and time for plaintiff's scheduled deposition.  But plaintiff refused to be sworn in under oath. While on the record, defendants' counsel asked plaintiff if he refused to answer any questions. Plaintiff replied that he would not answer any questions without an attorney.  On June 1, 2015, the Court denied plaintiff's motion for appointment of counsel.

Plaintiff responded in his memorandum in opposition that defense counsel should have assumed his motion for appointment of counsel was also a request to continue the deposition, even though the motion did not so state, and plaintiff never contacted defense counsel asking for a postponement.[1]  Plaintiff also argues that defense counsel should have been aware of plaintiff's

---

[1]Plaintiff's memorandum in opposition to defendants' Motion for Sanctions, or in the Alternative, to Dismiss for Failure to Prosecute is entitled "Plaintiff's Reply to Defendants' Response to Plaintiff's Objections to Amend 'CMO', Etc., and Motion for Sanctions, or, to Dismiss, and, Motion for Extension of Time."  In his memorandum, plaintiff raises a number of issues that are unrelated to defendant's motion for sanctions, many of which are untimely. Under the applicable rules of this Court, response and reply memoranda are due within a set period of time.  Also, a motion must be filed as a separate document with a supporting memorandum.  Although plaintiff is proceeding pro se, he is required to following the Federal Rules of Civil Procedure and the Local

deteriorating health, and more specifically the fact that he will be undergoing back surgery and is "practically" confined to a wheelchair. Notably, however, plaintiff does not maintain that his heath prevents him from testifying at a deposition, and plaintiff's health is not an issue in this case.

Defendants request in their motion that the Court dismiss this cause of action pursuant to Rule 37(d) and Rule 41(b) because plaintiff refused to respond to any questions in his properly noticed deposition. Federal Rule of Civil Procedure 37 authorizes the district courts to impose sanctions upon parties who fail to comply with discovery orders, but dismissal may be considered as a sanction only if there is (1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party. <u>Schoffstall v. Henderson</u>, 223 F.3d 818, 823 (8th Cir. 2000). A dismissal with prejudice is "an extreme sanction" and "should be used only in cases of willful

---

Rules of this Court. A <u>pro se</u> litigant is not excused from complying with court orders or substantive and procedural law, "even without affirmative notice of the application of the rules to his case." <u>Bennett v. Dr. Pepper/Seven Up, Inc</u>., 295 F.3d 805, 808 (8th Cir. 2002). But even if the Court were to consider the issues plaintiff raises in his memorandum, they are without merit. First, plaintiff complains that the Court granted defendants' motion to amend the Case Management Order without waiting for plaintiff's response to the motion. The Court has the authority to manage the scheduling of its docket and plaintiff suffered no prejudice by extending some of the deadlines in the Case Management Order. Second, he again argues in support of the appointment of counsel. The Court denied plaintiff's motion for appointment of counsel, and nothing in this memorandum would lead the Court to reconsider its ruling at this juncture in the proceedings. Finally, plaintiff states that defendants' responses to his written discovery requests were not adequate. In order for the Court to address this issue, plaintiff must file a written motion. Plaintiff is advised, however, that any motion to compel he may file in the future must comply with this Court's Local Rules concerning discovery motions, including Local Rule 3.04(A), which requires parties to meet and confer in an attempt to resolve the dispute. Although plaintiff may not be able to confer with defendants' counsel in person or by telephone, he can write to her to attempt to resolve the dispute, and he must do so prior to filing a motion to compel. When filing a motion to compel, plaintiff must provide the Court with copies of the written correspondence evidencing his compliance with Local Rule 3.04(A). He must also provide the Court with copies of both his discovery requests and the defendant's responses, so the Court will be able to evaluate whether or not the response or objection was appropriate.

disobedience of a court order or where a litigant exhibits a pattern of intentional delay." Hunt v. City of Minneapolis, 203 F.3d 524, 527 (8th Cir. 1999). "This does not mean that the district court must find that the appellant acted in bad faith, but requires 'only that he acted intentionally as opposed to accidentally or involuntarily.'" Hunt, 203 F.3d at 527 (citing to Rodgers v. University of Mo., 135 F.3d 1216, 1219 (8th Cir. 1998)). Where a court gives meaningful notice of what is expected of pro se litigants, initially imposes less stringent sanctions when plaintiffs fail to cooperate, and warns them that their failure to comply with subsequent court orders would result in "dismissal of their action," dismissal is proper. Farnsworth v. City of Kansas City, 863 F.2d 33, 34 (8th Cir. 1988) (per curiam).

An action may also be dismissed pursuant to Rule 41(b) if a plaintiff has failed to comply with any order of the court. Aziz v. Wright, 34 F.3d 587, 589 (8th Cir. 1994) (dismissal appropriate where pro se civil rights plaintiff willfully disregarded court's order allowing defendants to depose him). See also Arnold v. ADT Security Servs., 627 F.3d 716, 722 (8th Cir. 2011) (affirming dismissal with prejudice under Rule 41 for multiple discovery violations and plaintiffs' failure to appear for a status conference).

Before imposing the sanction of dismissal, "fairness requires a court to consider whether a lesser sanction is available or appropriate." Keefer v. Provident Life and Acc. Ins. Co., 238 F.3d 937, 941 (8th Cir. 2000). A district court need not impose the least onerous sanction available, but the most appropriate under the circumstances. Id. See also In re Popkin & Stern, 196 F.3d 933, 938 (8th Cir. 1999) (the "sanction must be proportionate to the litigant's transgression."). Also, when a litigant's conduct "abuses the judicial process, the remedy of dismissal is within the inherent powers of the court." Keefer, 238 F.3d at 941.

Here, the Court finds that plaintiff intentionally failed to meet his discovery obligations by

6

refusing to sit for deposition. Plaintiff was properly notified of the deposition, and he did not file a motion with this Court asking for relief under Rule 26(c) or Rule 30(d) of the Federal Rules of Civil Procedure. The Court also finds that defendants were prejudiced by plaintiff's conduct. Defense counsel expended time and resources attempting to take plaintiff's deposition. Plaintiff did not even have the common courtesy to inform defense counsel by letter of his intent not to testify at the scheduled deposition. That said, the Court concludes that dismissal is not warranted at this time. While plaintiff's conduct was intentional and not justified, the Court has not been made aware of any other discovery violations on plaintiff's part, there was no Court order compelling plaintiff to sit for deposition, and his conduct was not so egregious that it rises to a level requiring dismissal.

In their motion, defendants offer no alternative sanction to dismissal, and in the absence of any other suggestion, the Court finds the appropriate sanction to be admonishment. Plaintiff does not have the resources to pay a fine, and limiting the evidence does not fit the offense. Plaintiff will be ordered to sit for deposition upon receipt of proper notice. Plaintiff is warned that the Court will not tolerate any willful discovery violations going forward. The Court will amend the Case Management Order by separate order once again to allow for the completion of discovery in this case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for contempt of court and for a temporary restraining order is **DENIED.** [Doc. 31]

**IT IS FURTHER ORDERED** that the Clerk of Court shall send a letter to the Missouri Department of Corrections reminding it that funds for federal filing fees should be withdrawn and forwarded to the District Court only when the balance in plaintiff's prisoner account <u>exceeds</u> $10.00 as directed by 28 U.S.C. §1915(b)(2).

**IT IS FURTHER ORDERED** that defendant's motion for sanctions, or in the alternative, to dismiss for failure to prosecute is **GRANTED to the extent that** plaintiff is admonished that he must comply with this Memorandum and Order, the Second Amended Case Management Order, the Court's Local Rules, and the Federal Rules of Civil Procedure. [Doc. 53]

**IT IS FURTHER ORDERED** that plaintiff shall appear for deposition upon receipt of notice as required by Federal Rule of Civil Procedure 30, and he shall answer the questions put to him.

**Plaintiff's failure to comply with the terms of this Memorandum and Order, the Second Amended Case Management Order, or to follow the applicable rules of discovery shall result in dismissal of his claims with prejudice.**

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __28th__ day of July, 2015.