# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ERNEST CORNELIUS WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:13-CV-2440 CAS |
| ) | |
| DON ROPER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on "Defendants' Motion to Clarify Objections to Writs of Habeas Corpus Ad Testificandum."  On June 23, 2017, plaintiff Ernest Cornelius Williams filed five applications for Writ of Habeas Corpus Ad Testificandum, seeking the live testimony of five inmate witnesses for his upcoming trial on July 24, 2017.  Defendants objected to all five applications, arguing that none of the witnesses had been identified in the initial Rule 26 disclosures, discovery, or during plaintiff's deposition.  Defendants further argued that the witnesses did not have personal knowledge of the alleged mistreatment plaintiff may have undergone in administrative segregation.

On July 5, 2017, the Court granted plaintiff's application for Writ of Habeas Corpus Ad Testificandum as to inmate Eric Douglass only.  All of the other applications were denied.  The Court found that Mr. Douglass may have first-hand knowledge of the strip search central to this case, and the defendants would not be prejudiced by Mr. Douglass's appearance as a witness, though he was not disclosed in plaintiff's Rule 26 disclosures, because defendants produced Mr. Douglass's written statement to plaintiff during discovery.  As for the other four inmates, the

Court denied plaintiff's applications because these witnesses were not disclosed in plaintiff's Rule 26 disclosures or any subsequent discovery, and plaintiff offered no justification for his failure to disclose them.  Further, the Court found plaintiff's failure to disclose these witnesses was not harmless because the defendants did not have the opportunity to take their depositions or otherwise discover what their testimony might concern, and "[t]o allow their testimony would amount to trial by ambush."  Doc. 134 at 3.  Alternatively, the Court found "testimony from these [four] witnesses would be either cumulative, not relevant, or inadmissible as evidence at trial pursuant to Rule 701 of the Federal Rules of Evidence."  Id.

In the Motion to Clarify, defendants state in pertinent part:

> Prior to filing their objections, Defendants searched for initial disclosures filed by the Plaintiff and did not find that he identified any of the inmate witnesses. On July 14, 2017, Plaintiff's counsel sent Defendants' counsel a supplemental witness list which Plaintiff had written.  Defendants' counsel did not recall seeing this document prior to July 14, 2017, but checked the physical file relevant to this case.  Although it was misfiled, it was received by Defendants' counsel's office.

Doc. 166 at 2.

Defendants do not state if the supplemental witness list was dated, when it might have been received, or even what names were on the list.[1]  The Court infers from defendants' so-called "clarification" that plaintiff disclosed the names of the inmate witnesses for whom he sought writs, and because defendants state the supplemental witness list was "written" by plaintiff, this likely occurred sometime prior to the appointment of plaintiff's counsel in August 2016.  Defendants state in the Motion to Clarify that they "still object" to the testimony of Anthony Brown, Clarence Taylor, Larry Griggs, and William Weaver "on substantive grounds."  Id.

The Court denied plaintiff's applications for writs of habeas corpus ad testificandum for four of the inmate witnesses based in part on plaintiff's failure to comply with Rule 26, Fed. R.

---

[1]Defendants' lack of specificity about these important facts does not aid the Court in its ability to resolve the issue raised by the Motion to Clarify.

2

Civ. P., because the Court was incorrectly informed by Assistant Missouri Attorney General Eileen Ruppe Krispin that plaintiff failed to disclose the names of these witnesses.[2] But the Court also denied the applications on alternative grounds. The Court concluded, based on plaintiff's representations, that testimony from these witnesses would be irrelevant, cumulative, or inadmissible under Rule 701 of the Federal Rules of Evidence. This conclusion remains true.

In his initial writ applications filed on June 23, 2017, plaintiff generically stated that all five of the inmate witnesses would testify regarding facts supporting plaintiff's claims that defendants violated his First Amendment rights by retaliating against him. This very general averment was entirely inadequate to support applications for a writ of habeas corpus ad testificandum in a prisoner case. In his reply memorandum in support of the applications, plaintiff provided more specific information about the testimony these inmate witnesses would offer, but it was still not enough for four of the witnesses.

Plaintiff stated in his reply memorandum that Mr. Brown and Mr. Griggs would be able to testify that they personally observed plaintiff undergo strip searches in view of female officers. But plaintiff did not state when these strip searches occurred or whether they were conducted by the defendants in this case. Therefore, plaintiff did not establish the relevance of the testimony. In his reply memorandum, plaintiff also stated that Mr. Griggs would testify that he personally observed defendants singling plaintiff out and subjecting him to various forms of harassment. Plaintiff did not, however, state which of the defendants took these actions, what the alleged

---

[2] Ms. Krispin's misrepresentation to the Court, that plaintiff had not disclosed the four witnesses' names, is very disturbing. Counsel should be able to recall witness disclosures, particularly where plaintiff's supplemental disclosure was present in the Missouri Attorney General's files at all times. Ms. Krispin's misrepresentation was by no means harmless, as it represented the bulk of defendants' arguments and formed an important part of the Court's original decision to deny plaintiff's applications for writ of habeas corpus ad testificandum for the four witnesses. In particular, the Court considered the surprise and prejudice accruing to defendants from plaintiff's failure to disclose the witnesses' names. The Court expects Ms. Krispin to exercise far more diligence and care in the future when making representations to the Court.

3

harassment was, or when it occurred. Again, this testimony would not be relevant unless it was regarding actions by the named defendants during the time frame at issue.

Plaintiff also stated in his reply memorandum that the inmate witnesses would all offer "lay opinion testimony." He stated that Mr. Brown, Mr. Taylor, and Mr. Weaver would be able to offer lay opinion testimony that the defendants took adverse actions and issued misconduct violations against plaintiff to retaliate against him for filing prison grievances and lawsuits. Plaintiff did not state when the allegedly retaliatory violations were issued, however, or how the witnesses would know the defendants acted with retaliatory motives. Finally, plaintiff stated that all of the witnesses could offer lay opinion testimony that defendants' adverse actions against plaintiff "would chill the First Amendment rights of a person of ordinary firmness." Doc. 132 at 3 and 4.

Federal Rule of Evidence 602 requires that a witness have personal knowledge of the matters about which he or she testifies. "Rule 701 adds that testimony in the form of lay opinions must be rationally based on the perception of the witness." United States v. Peoples, 250 F.3d 630, 641 (8th Cir. 2001). "A non-expert witness may testify to opinions or inferences that are '(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge.' Fed. R. Evid. 701." Craig Outdoor Advertising, Inc. v. Viacom Outdoor, Inc., 528 F.3d 1001, 1013 (8th Cir. 2008) (emphasis added).

Here, plaintiff has not shown that these four witnesses have personal knowledge of relevant facts in this case for which they are offering opinions. For example, plaintiff does not state that the four inmates observed plaintiff's treatment in administrative segregation during the time period in question, or that they heard statements by the defendants. Therefore, under Eighth

4

Circuit precedent, their lay opinion testimony would not be admissible because plaintiff has not shown that they have "first-hand knowledge of the matter about which [they are being offered to] testif[y]."  Peoples, 250 F.3d at 641.  Plaintiff has not shown that the proposed lay opinion testimony of Mr. Brown, Mr. Taylor, Mr. Griggs, and Mr. Weaver is based on their perceptions of the facts, as opposed to knowledge gained after the fact.   Therefore, plaintiff has not established that their testimony would be admissible under Rule 701.  See Peoples, id. (finding district court erred in admitting agent witness's lay opinion testimony, which was based on knowledge gained after the fact).

Based on the foregoing, the Court affirms its alternative holding in the July 5, 2017 Order denying plaintiff's application for writs of habeas corpus ad testificandum for Mr. Brown, Mr. Taylor, Mr. Griggs, and Mr. Weaver.  After carefully considering plaintiff's filings, the Court finds testimony from these four witnesses would be irrelevant, cumulative, or inadmissible under Rule 701 of the Federal Rules of Evidence.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Daniel Blair, Shannon R. Clubbs, Phillip G. Comer, Charles T. Conrad, Clifton J. Copeland, Kevin Culton, Willie Forbes, Jason L. Horn, Christy Huffman, and Jeremy J. Huffman's Motion to Clarify Objections to Writs of Habeas Corpus Ad Testificandum is **DENIED as moot.**   [Doc. 166]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  19th   day of July, 2017.